1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  GOLDEN STATE FOODS CORP., a | CV 13-8150 RSWL (VBKx) |
|       California Corporation | |
| 12 | |
|          Plaintiff, | |
| 13 | **STATEMENT OF** |
|  | **UNCONTROVERTED FACTS AND** |
| 14       v. | **CONCLUSIONS OF LAW RE:** |
|  | **DEFENDANT'S MOTION FOR** |
| 15 | **SUMMARY JUDGMENT, OR IN** |
|  COLUMBIA/OKURA LLC, a | **THE ALTERNATIVE, SUMMARY** |
| 16  Washington Limited | **ADJUDICATION [15]** |
|  Liability Corporation; and | |
| 17  DOES 1 through 100, | |
|  inclusive, | |
| 18 | |
|          Defendants. | |
| 19 | |
| 20 | |

21      After consideration of all the papers submitted

22 pursuant to Defendant Columbia/Okura LLC's

23 ("Defendant") Motion for Summary Judgment, or in the

24 Alternative, Summary Adjudication [15], the Court makes

25 the following findings of fact and conclusions of law.

26                    **UNCONTROVERTED FACTS**

27      1.  Defendant offered to install two robotic

28 palletizers at the facility of Plaintiff Golden State

1

1  Foods Corp. ("Plaintiff") in the City of Industry,
2  California.  The quotation number was 3633Q2a and dated
3  June 28, 2007 (the "Quotation").  Def.'s Statement of
4  Uncontroverted Facts and Conclusions of Law ("SUF") #
5  1; Pl.'s Separate Statement of Uncontroverted Material
6  Facts and Conclusions of Law ("SSUMF") # 1
7       2.   On or about September 5, 2007, Plaintiff's
8  plant manager, Jorge Hasbun, signed the signature page
9  of the approval package for the Quotation, and the
10 signature was communicated to Defendant.  SUF # 2;
11 SSUMF # 2.
12      3.   On or about September 21, 2007, a
13 representative of Defendant signed a GSF Preferred
14 Vendor Master Supply and Services Agreement (the "GSF
15 Agreement") and sent it to Plaintiff.  SUF # 3; SSUMF #
16 3.
17      4.   On or about October 1, 2007, Plaintiff prepared
18 an AIA Standard Form of Agreement Between Owner and
19 Contractor (the "AIA Agreement"), which was signed on
20 behalf of Plaintiff by Richard D. Moretti, and by Brian
21 Hutton on behalf of Defendant on October 13, 2007.  SUF
22 # 3; SSUMF # 4.
23      5.   On January 23, 2013, Plaintiff pleaded guilty
24 to a violation of California Labor Code § 6425(a) for
25 the willful violation of Title 8 of the California Code
26 of Regulations § 3314(h) – failure to conduct periodic
27 inspections of energy control procedures.  SUF # 6;
28 SSUMF # 6; Keleti Decl. Ex. F at 32.

1    6.   Plaintiff did not submit any written claims to

2 Defendant or participate in mediation or arbitration

3 prior to filing the instant Action in state court on

4 July 9, 2013.  SUF # 9; SSUMF # 9.

5                     **CONCLUSIONS OF LAW**

6    1.   The Court finds that the AIA Agreement and the

7 GSF Agreement are the operative contracts governing

8 this Action.  SUF ## 3-4; SSUMF ## 3-4; Mot. 7:1-22,

9 8:20-9:21; Opp'n 17:12-18:21.  Given that the Parties

10 do not appear to dispute that the AIA and GSF

11 Agreements are the governing contracts and because

12 "[t]he existence of an integration clause is a key

13 factor" in determining whether the Parties "intended

14 the contract to be a final and complete expression of

15 their agreement," the Court finds that the AIA and GSF

16 Agreements constitute the entire contract governing the

17 Parties' relationship here.  <u>Grey v. Am. Mgmt. Servs.</u>,

18 204 Cal. App. 4th 803, 807 (2012) (citing <u>Founding</u>

19 <u>Members of the Newport Beach Country Club v. Newport</u>

20 <u>Beach Country Club, Inc.</u>, 109 Cal. App. 4th 944, 953-54

21 (2003)).

22    2.   California defines "[i]ndemnity" as "a contract

23 by which one engages to save another from a legal

24 consequence of the conduct of one of the parties, or of

25 some other person."  Cal. Civ. Code § 2772.  "An

26 indemnity agreement is to be interpreted according to

27 the language of the contract as well as the intention

28 of the parties as indicated by the contract."  <u>Myers</u>

3

1  <u>Bldg. Indus., Ltd. v. Interface Tech., Inc.</u>, 13 Cal.

2  App. 4th 949, 968 (1993) (citing <u>Widson v. Int'l</u>

3  <u>Harvester Co., Inc.</u>, 156 Cal. App. 3d 45, 59 (1984));

4  <u>Crawford v. Weather Shield Mfg. Inc.</u>, 44 Cal. 4th 541,

5  552 (2008).  "The extent of the duty to indemnify is

6  determined from the contract."  <u>Myers Bldg. Indus.</u>, 13

7  Cal. App. 4th at 968 (citing <u>Herman Christensen & Sons,</u>

8  <u>Inc. v. Paris Plastering Co.</u>, 61 Cal. App. 3d 237, 245

9  (1976)).

10      3.   "In California, a condition precedent is 'one

11  which is to be performed before some right dependent

12  thereon accrues, or some act dependent thereon is

13  performed.'"  <u>NGV Gaming Ltd. v. Upstream Point Molate,</u>

14  <u>LLC</u>, 355 F. Supp. 2d 1061, 1064 (N.D. Cal. 2005)

15  (quoting Cal. Civ. Code § 1436).  A condition precedent

16  "is either an act of a party that must be performed or

17  an uncertain event that must happen before the

18  contractual right accrues or the contractual duty

19  arises."  <u>Id.</u> (quoting <u>Platt Pac., Inc. v. Andelson</u>, 6

20  Cal. 4th 307, 313 (1993)); <u>Sosin v. Richardson</u>, 210

21  Cal. App. 2d 258, 261 (1963); 1 Witkin, <u>Summary of</u>

22  <u>California Law, Contracts</u>, § 721 (10th ed. 2005).

23  "Conditions precedent are disfavored and will not be

24  read into a contract unless required by plain,

25  unambiguous language."  <u>Effects Assocs., Inc. v. Cohen</u>,

26  908 F.2d 555, 559 n.7 (9th Cir. 1990) (citing <u>In re</u>

27  <u>Bubble Up Dela., Inc.</u>, 684 F.2d 1259, 1264 (9th Cir.

28  1982)).  However, "[a] contract is unenforceable if a

4

1 | condition precedent is not met."  <u>Willard v. Valley</u>
2 | <u>Forge Life Ins. Co.</u>, 218 F. Supp. 2d 1197, 1201 (C.D.
3 | Cal. 2002) (citing <u>Platt Pac.</u>, 6 Cal. 4th 307; <u>Metro</u>
4 | <u>Life Ins., Co. v. Devore</u>, 66 Cal. 2d 129 (1967)).
5 |   4.   Defendant bears the initial burden of showing
6 | that liability is barred by a condition precedent.
7 | <u>Clarke Logistics v. Burlington N. and Santa Fe Ry. Co.</u>,
8 | 347 F. Supp. 2d 891, 894 (S.D. Cal. 2004) (citing
9 | <u>G.E.J. Corp. v. Uranium Aire, Inc.</u>, 311 F.2d 749, 752
10 | (9th Cir. 1962)).
11 |   5.   Defendant has provided evidence that Plaintiff
12 | did not provide written notice to Defendant of its
13 | claims prior to the institution of the present Action
14 | on July 9, 2013.  SUF # 9; SSUMF # 9; Hutton Decl. ¶ 9.
15 | Defendant has presented evidence that Plaintiff failed
16 | to participate in either mediation or arbitration prior
17 | to filing suit in Los Angeles Superior Court.  <u>Id.</u>
18 |   6.   The burden then shifts to Plaintiff to create a
19 | genuine issue of material fact that it in fact
20 | presented written notice of these claims or that it
21 | participated in mediation or arbitration prior to
22 | initiating this litigation.  Fed. R. Civ. P. 56.
23 |   7.   The Court finds that Plaintiff does not create
24 | a genuine issue of material fact that it presented
25 | written notice of its claims or that it participated in
26 | mediation or arbitration prior to initiating
27 | litigation.
28 |   7.   The Court finds that Defendant fails to show

1   "plain, unambiguous language" indicating that the 21

2   day written notice requirement is a condition precedent

3   to the initiation of litigation.  In interpreting a

4   contract, courts "are guided by the standard of

5   reasonableness."  In re James E. O'Connell, Inc., 799

6   F.2d 1258, 1261 (9th Cir. 1986) (citing Southland Corp.

7   v. Emeral Oil Co., 789 F.2d 1441, 1443 (9th Cir.

8   1986)); Cal. Civ. Code § 3542.  And in the absence of

9   "plain, unambiguous language" creating a condition

10  precedent, courts typically will not find such a

11  condition exists.  Southland Corp., 789 F.2d at 1444;

12  Vogt-Nem, Inc. v. M/V Tramper, 263 F. Supp. 2d 1226,

13  1232 (N.D. Cal. 2002).  The Court finds that the 21 day

14  written notice requirement language in the AIA

15  Agreement does not create a condition precedent to

16  seeking judicial resolution of claims.

17       8.   The Mediation provisions explicitly state that

18  "[a]ny Claim arising out of or related to the Contract

19  . . . shall . . . be subject to mediation *as a*

20  *condition precedent* to arbitration or the institution

21  of legal or equitable proceedings by either party."

22  Id. at 56 (emphasis added).  The Arbitration provisions

23  mandate that claims not resolved in mediation must be

24  decided by arbitration.  Id.  The language of the AIA

25  Agreement could not be more clear: mediation is a

26  condition precedent to arbitration and arbitration is

27  the sole forum for adjudicating disputes, unless the

28                                6

1  Parties agree otherwise.  <u>Id.</u>  The Court finds that

2  mediation is a condition precedent arbitration or

3  litigation.

4       9.   The failure to mediate or arbitrate a contract

5  that makes mediation or arbitration a condition

6  precedent to filing a lawsuit has been held to warrant

7  dismissal.  <u>See</u> <u>Delamater v. Anytime Fitness, Inc.</u>, 722

8  F. Supp. 2d 1168, 1180-81 (E.D. Cal. 2010); <u>Brosnan v.</u>

9  <u>Dry Cleaning Station Inc.</u>, No. C-08-02028 EDL, 2008 WL

10  2388392, at *1 (N.D. Cal. June 6, 2008); <u>KKE</u>

11  <u>Architects, Inc. v. Diamond Ridge Dev. LLC</u>, No. CV 07-

12  06866 MMM (FMOx), 2008 WL 637603, at *4-7 (C.D. Cal.

13  Mar. 3, 2008).  This has been the case even when a

14  party is left without recourse.  <u>See</u> <u>24 Hour Fitness,</u>

15  <u>Inc. v. Superior Court</u>, 66 Cal. App. 4th 1199, 1215-16

16  (1998) (affirming summary judgment against plaintiff

17  was appropriate where the parties had an arbitration

18  agreement governing plaintiff's employment claims and

19  plaintiff failed to initiate arbitration within the

20  agreement's one year deadline, even though plaintiff

21  was left with no recourse against these defendants);

22  <u>see</u> <u>also</u> <u>Platt Pac.</u>, 6 Cal. 4th at 321.

23       9.   The Court finds that both Plaintiff's breach of

24  contract and breach of express indemnity claims are

25  founded and based on the AIA Agreement.  Because both

26  claims allege that the dispute arises from Defendant's

27  performance of the AIA Agreement, both claims relate to

28                              7

1  or arise out of the AIA Agreement.  Therefore, they

2  fall within the scope of the Mediation and Arbitration

3  sections of the AIA Agreement and are thus subject to

4  mediation as a condition precedent to their litigation.

5       10.  A claim for breach of the covenant of good

6  faith and fair dealing may be disregarded as

7  superfluous if it "relies upon essentially the same

8  allegations" as a companion "breach of contract claim."

9  In re Facebook PPC Adver. Litig., 709 F. Supp. 2d 762,

10 770 (N.D. Cal. 2010).  In short, where a party alleges

11 the breach of an actual term, "a separate implied

12 covenant claim, based on the same breach, is

13 superfluous."  Guz v. Bechtel Nat'l Inc., 24 Cal. 4th

14 317, 327 (2000).

15      11.  Because Plaintiff's breach of contract and

16 breach of the covenant of good faith and fair dealing

17 claims are premised entirely on the same breach (Compl.

18 ¶¶ 11, 17), Plaintiff's breach of the covenant of good

19 faith and fair dealing claim is superfluous.

20      12.  Ordinarily, "where parties have expressly

21 contracted with respect to the duty to indemnify, the

22 extent of that duty is generally determined from the

23 contract *and not by reliance on the independent*

24 *doctrine of equitable indemnity*."  Maryland Cas. Co. v.

25 Bailey & Sons, Inc., 35 Cal. App. 4th 856, 864 (1995)

26 (emphasis added) (citing Rossmoor Sanitation, Inc. v.

27 Pylon Inc., 13 Cal. 3d 622, 628 (1975), Reg'l Steel

28                              8

1  Corp. v. Superior Court, 25 Cal. App. 4th 525, 529

2  (1994)).  Quite simply, "principles of equitable or

3  comparative indemnity are inapplicable when parties

4  have an express indemnity agreement."  Reg'l Steel

5  Corp., 25 Cal. App. 4th at 526.

6       13.  The indemnification provisions in the AIA and

7  GSF Agreements are coextensive with implied and

8  equitable indemnification principles.  Smoketree-Lake

9  Murray v. Mills Concrete Constr. Co., 234 Cal. App. 3d

10  1724, 1736-37 (1991).

11       14.  As express indemnity clauses are entitled to

12  "a certain preemptive effect, displacing any implied

13  rights which might otherwise arise within the scope of

14  its operation," the Court finds that the Parties'

15  express indemnity clauses operate to bar Plaintiff's

16  equitable indemnity claim.  E.L. White, Inc. v. City of

17  Huntington Beach, 21 Cal. 3d 497, 507-08 (1978); see

18  also Wells Fargo Bank, N.A. v. Renz, 795 F. Supp. 2d

19  898, 913 n.6 (N.D. Cal. 2011) (finding that "the fact

20  ///

21  ///

22  ///

23

24

25

26

27

28                          9

1  that the parties' relationship in this case is governed

2  by an express indemnity clause arguably forecloses

3  Plaintiff's claim for equitable indemnity").

4

5  **IT IS SO ORDERED.**

6  DATED: June 26, 2014

7

8                          RONALD S.W. LEW
                           _____

9                          **HONORABLE RONALD S.W. LEW**
                           Senior U.S. District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    10